UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GIORGI NOZADZE,

                    Petitioner,                  Case No. 1:26-cv-1792

v.                                          Honorable Robert J. Jonker

KEVIN RAYCRAFT, et al.,

                    Respondents.
_____/

## **ORDER**

This is Petitioner's third habeas petition. Like the first two, he challenges the legality of his detention in ICE custody. (ECF No. 1). He contends that ICE unlawfully detained him while he was released on an order of recognizance. (*Id.* at PageID.2). But because Petitioner's claims are both moot and precluded by his first two petitions, his third habeas petition must be dismissed.

Start with mootness. In March 2026, Petitioner filed his first habeas petition in this district. *See Nozadze v. Raycraft*, No. 1:26-cv-852, ECF No. 7, PageID.90 (W.D. Mich. Mar. 30, 2026). In reviewing his petition, the court noted that four years after Petitioner had been released into the United States "on his own recognizance," ICE agents arrest and detained him in February 2026. *Id.* The court concluded that because 8 U.S.C. § 1226(a) governed, Petitioner was entitled to a bond hearing. So the court ordered Respondents to provide Petitioner a bond hearing. *Id.* Respondents did just that. (ECF No. 4-1, PageID.42). And at the hearing, the immigration judge

reviewed Petitioner's circumstances and denied bond after finding that he is both a "flight risk" and a "danger to the community."[1] (*Id.*).

In this third petition, Petitioner again asserts that the government improperly detained him while he was released on recognizance. Although Petitioner may ask for immediate release, this Court routinely orders a bond hearing as relief, rather than immediate release, when the government detains a noncitizen who was previously released on an order of recognizance. *See, e.g.*, *Thioub v. Raycraft*, No. 1:26-cv-454, ECF No. 6, PageID.120, 123 (W.D. Mich. Feb. 25, 2026) (ordering a bond hearing to Petitioner who was detained while on an order of recognizance); *Gomez-Santiago v. Santoro*, No. 1:26-cv-1423, ECF No. 7, PageID.70, 72 (W.D. Mich. June 10, 2026) (same). Petitioner, however, has already received a bond hearing, where he received a merits-based decision. Therefore, because Petitioner has received the only relief that would result from this petition—a bond hearing with a merits-based decision—his habeas claim is now moot. *See Gil-Blanco v. Raycraft*, No. 1:26-cv-770, ECF No. 9, PageID.147 (W.D. Mich. April 2, 2026) (dismissing case as moot where Petitioner already received a bond hearing).

But Petitioner's third habeas petition fails for another reason—all his arguments for relief that relate to the circumstances of his initial arrest and detention should have been brought in his original habeas petition. The doctrine of claim preclusion exists "to compel litigants to bring all related claims in a single lawsuit."[2] *Heike v. Cent. Michigan Univ. Bd. of Trs.*, 573 F. App'x 476,

---

[1] Petitioner's second habeas petition challenged the adequacy of this bond hearing. *See Nozadze v. Raycraft.*, No. 1:26-cv-1428, ECF No. 1 (W.D. Mich. May 1, 2026). The court, however, dismissed that petition after finding that there was "no indication in the record that the Immigration Judge applied an unconstitutional burden of proof at the bond hearing." *Id.* at ECF No. 7, PageID.72.

[2] Claim preclusion applies to habeas petitions. *See Smith v. Reno*, 3 F. App'x 403, 403 (6th Cir. 2001) (dismissing habeas petition under the claim preclusion doctrine); *Maldonado v. Hemingway*, No. 21-cv-11710, 2024 WL 1721106, at *3 n.2 (E.D. Mich. Apr. 22, 2024) (same).

482 (6th Cir. 2014). Under that doctrine, a petitioner is precluded from bringing subsequent claims against parties from a prior action that "should have been raised in the first action." *Wheeler v. Dayton Police Dep't*, 807 F.3d 764 (6th Cir. 2015). And an action "should have been raised" if it "arose from the same transaction, or series of transactions" as the claims from the original action suit. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006). Here, all of Petitioner's claims in his third petition "arose from" the circumstances of his initial arrest and detention—the "same transaction" at issue in his first habeas petition. Petitioner may now argue that relief is warranted for other reasons. But those claims and arguments "should have been raised" in his first habeas petition. So Petitioner's third habeas is also barred by claim preclusion and therefore must be dismissed.

Accordingly, because Petitioner's habeas petition is both moot and barred by claim preclusion, the Court dismisses his petition without prejudice.

**IT IS SO ORDERED.**

Dated:    July 6, 2026                          /s/ Robert J. Jonker
                                                Robert J. Jonker
                                                United States District Judge